The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following:
 The Area Agency on Aging of Southeast Arkansas, Inc. is a local non-profit corporation which provides services to the elderly citizens of Pine Bluff. Among the services provided by this agency are home-delivered meals, transportation, social activities center, and congregate meals at the Senior Citizen Centers. The City of Pine Bluff has considered entering into a contract with the agency to provide these services to eligible senior citizens within the city. Can a city, such as Pine Bluff, enter into a contract with a non-profit corporation, such as the Area Agency, whereby the city would pay the non-profit corporation to provide these services to eligible elderly citizens of Pine Bluff?
It is my opinion that the answer to this question is, generally, "yes." Assuming that the contract is supported by adequate consideration, I believe that such a contract would likely fall within the implied powers granted to municipal corporations under the so-called "general welfare clause." See A.C.A. § 14-55-102
(1987) and Bourland v. Pollock, 157 Ark. 538, 249 S.W. 360
(1923).[1] In Bourland, the court upheld a municipal donation to a charitable welfare association,[2] concluding that "there are no more worthy or higher objects of government to be attained than those of making suitable provision for the care and maintenance of those of the city's inhabitants who, through unavoidable casualty and misfortune, have become indigent and sick, and who are therefore wholly unable to care for themselves. This includes . . . the aged and infirm. . . ." This conclusion followed the court's citation to Cooley on Taxation wherein it is stated that "[t]he support of paupers and the giving of assistance to those who, by reason of age, infirmity, or disability, are likely to become such, is, by the practice and common consent of civilized countries, a public purpose."157 Ark. at 544, citing Cooley at 204-205.
It thus seems clear that the provision of charitable services to the elderly would generally be deemed to be a proper municipal purpose, falling within the city's power to "provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of . . . the inhabitants thereof." A.C.A. § 14-55-102 (general welfare clause).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT
Attorney General
WB:cyh
[1] A contract of this nature that lacks good and sufficient consideration might be challenged as evidencing an attempt to accomplish indirectly that which is prohibited under Ark. Const. art. 12, § 5, which states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
[2] Reliance upon this case as authority for a donation of funds is, in my opinion, no longer warranted or prudent following the Arkansas Supreme Court's condemnation of awards to charitable nonprofit corporations in City of Jacksonville v. Venhaus,302 Ark. 204, 788 S.W.2d 478 (1990). It does support the proposition, however, that this service represents a "public purpose" which a municipality may provide its citizens through otherwise constitutional means.